1 F.3d 1251
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 William J. JOHNSON, Jr., Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7012.
 United States Court of Appeals, Federal Circuit.
 April 15, 1993.
 
 Before RADER, Circuit Judge, BENNETT, Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive Fed.Cir.R. 27(d) and to dismiss William J. Johnson, Jr.'s appeal. Johnson moves for an extension of time to file his opposition, with opposition attached.
 
 
 2
 Johnson seeks review of an order of the United States Court of Veterans Appeals summarily affirming, in part, the Board of Veterans Appeals decision denying his claims for service-connection for various physical conditions.* Johnson challenges only factual determinations or the application of a law or regulation to his claim. No issue is raised that falls within the limited jurisdiction of this court under 38 U.S.C. Secs. 7292(c), (d)(1)-(2) (Supp. III 1991). See Livingston v. Derwinski, 959 F.2d 224 (Fed.Cir.1992).
 
 
 3
 Accordingly,
 
 IT IS ORDERED THAT:
 
 4
 (1) The Secretary's motion to waive Fed.Cir.R. 27(d) is granted.
 
 
 5
 (2) The Secretary's motion to dismiss is granted.
 
 
 6
 (3) Johnson's motion to for an extension of time to file his opposition is granted.
 
 
 7
 (4) Each side shall bear its own costs.
 
 
 8
 (5) The revised official caption is reflected above.
 
 
 
 *
 Specifically, the Court of Veterans Appeals summarily affirmed the Board's order denying service connection for pes planus, residuals of a groin injury and residuals of circumcision. The Court of Veterans Appeals reversed the Board's decision in part, and remanded in part, Johnson's claim for service connection for paranoid-type schizophrenia