17 F.3d 1443
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Nenita E. BROPHY, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7120.
 United States Court of Appeals, Federal Circuit.
 Jan. 10, 1994.
 
 Before NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ON MOTION
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Nenita E. Brophy's appeal for lack of jurisdiction. Brophy has not responded.
 
 
 2
 The Board of Veterans Appeals determined that Brophy had not submitted new and material evidence sufficient to reopen her claim. The Board had previously found, in 1981, that Brophy furnished materially fraudulent evidence in support of a claim for death pension benefits and Brophy's benefits were thus revoked. The Court of Veterans Appeals summarily affirmed the Board's reopening denial, noting that Brophy had merely submitted cumulative evidence that did not warrant reopening her claim. In her informal brief, Brophy argues that she was properly married to the veteran and that the Court of Veterans Appeals should have granted "a sweeping review of the Findings of Fact and Benefit of the Doubt Determinations." Brophy challenges only factual determinations and the application of the law to her claim. Thus, no issue is raised which falls within the jurisdiction of this court under 38 U.S.C. Sec. 7292(c), (d)(1)-(2) (Supp. III 1991).
 
 
 3
 Most appeals to the Federal Circuit from sources other than the Court of Veterans Appeals involve reviewing decisions from trial courts or agency boards that function like trial courts. In such appeals, Congress has given this court broad power to review many types of issues, including questions of fact or the application of the law to the facts of the case.
 
 
 4
 In appeals from the Court of Veterans Appeals, unlike appeals from a trial court or administrative agency, we review cases that have already been subject to review by an appellate court. Because of this previous appellate review, Congress, in these cases, denied this court the usual broad scope of review and limited this court's review to certain rulemaking, statutory, and constitutional issues. In particular, section 7292(d) of Title 38 of the U.S. Code states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 This court can review only challenges to the validity of a statute or regulation or the interpretation of a constitutional or statutory provision that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity of a statute or regulation or the interpretation of a constitutional or statutory provision relied on by the Court of Veterans Appeals, this court is required by Sec. 7292(d) to dismiss the appeal. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.
 
 
 10
 (4) All other motions are moot.