33 F.3d 64
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ernest F. THIBAULT, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7019.
 United States Court of Appeals, Federal Circuit.
 Feb. 10, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Ernest F. Thibault's appeal for lack of jurisdiction. Thibault has not filed a response.
 
 
 2
 Thibault served on active duty in the United States Air Force from August 1954 until August 1958 and from September 1958 until September 1974. In 1990, Thibault submitted several claims for compensation for various medical conditions that he asserted were service connected. His claims were denied. Thibault submitted new evidence to support his claims. Again, his claims were denied.
 
 
 3
 Thibault submitted more evidence, and on August 6, 1991, the Board of Veterans Appeals remanded to the regional office for further adjudication. On October 16, 1991, the regional office confirmed the denial of Thibault's claims. Thibault appealed to the Board of Veterans Appeals. On May 8, 1992, the Board of Veterans Appeals denied service connection for Thibault's medical conditions and denied his entitlement to an increased (compensable) rating for hearing loss of the left ear. Thibault appealed to the Court of Veterans Appeals.
 
 
 4
 The Secretary of Veterans Affairs filed a motion for summary affirmance. In his opposition to the motion, Thibault withdrew all claims except those for service connection for lumbar disc disease, disability of the feet, including metatarsalgia, and tendinitis of the right elbow. The Court of Veterans Appeals summarily affirmed the Board's decision on September 15, 1993. This appeal followed.
 
 
 5
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 6
 Thibault challenges only the factual determination that his claimed medical conditions are not service connected. His appeal thus amounts to a request for review of factual determinations. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 9
 (2) The Secretary's motion to dismiss is granted.
 
 
 10
 (3) Each side shall bear its own costs.