19 F.3d 41
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Karl SCHMIDT, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7002.
 United States Court of Appeals, Federal Circuit.
 Feb. 18, 1994.
 
 Before MAYER, RADER, and SCHALL, Circuit Judges.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Karl Schmidt seeks review of the decision of the United States Court of Veterans Appeals, Vet.App. No. 92-174, affirming a 1991 Board of Veterans Appeals' refusal to reopen his claim for entitlement to an earlier effective date for the grant of service connection for schizophrenia. Because this court lacks jurisdiction, this court must dismiss.
 
 OPINION
 
 2
 Mr. Schmidt served on active military duty from September 1976 to April 1978. During his service, he received several psychological examinations and was diagnosed with a "mixed personality disorder."
 
 
 3
 In 1981, Mr. Schmidt sought compensation or pension from the Veterans' Administration Regional Office (VARO) rating board for a personality disorder. VARO denied this claim because personality disorders are not classified as compensable disabilities and because there was no evidence of a psychosis. Unknown to the rating board, Mr. Schmidt had been admitted to a VA medical center with a diagnosis of paranoid schizophrenia before the rating decision. Although schizophrenia is a compensable disability, Mr. Schmidt did not appeal the 1981 rating decision. The VARO decision thus became final.
 
 
 4
 In 1984, after admission to another mental health center for schizophrenia, Mr. Schmidt submitted a claim to VARO for service connection for schizophrenia. This claim ultimately was granted, with an effective date of November 8, 1984, the date the claim was filed. Mr. Schmidt sought an earlier effective date. The Board of Veterans Appeals denied this claim in 1989. Mr. Schmidt then claimed that the 1981 rating decision was based on "clear and unmistakable error." The Board denied this claim in 1990, and Mr. Schmidt did not appeal the decision.
 
 
 5
 In 1991, Mr. Schmidt sought to reopen his claim with new evidence. The Board determined that Mr. Schmidt had produced no new evidence. This 1991 Board decision did not readjudicate the claim of "clear and unmistakable error" that had been raised in the 1990 Board decision.
 
 
 6
 Mr. Schmidt appealed the 1991 Board decision to the Court of Veterans Appeals. On April 21, 1993, the court found that the Board correctly determined that no new and material evidence had been presented. The court also found that it could not consider the issue of "clear and unmistakable error" as that issue was not adjudicated in the 1991 Board decision.
 
 
 7
 Mr. Schmidt appealed the 1993 court decision to this court.
 
 DECISION
 
 8
 This court has jurisdiction to review a decision of the Court of Veterans Appeals with respect to both the validity of any statute or regulation and any interpretation thereof that the court relied upon in its decision. 38 U.S.C. Sec. 7292(a) (Supp. IV 1993).
 
 
 9
 Mr. Schmidt's appeal seems to be based upon his allegations that the court erred in finding, first, that no new and material evidence was presented to the Board in 1991, and, second, that the Court of Veterans Appeals had no jurisdiction to review a claim of clear and unmistakable error previously considered by the Board in 1990 in a case that was not appealed. Mr. Schmidt, therefore, challenges the factual findings of the court and the application of pertinent law to the facts of his case.
 
 
 10
 The jurisdiction of this court does not extend to challenges to factual determinations or to challenges to laws or regulations as applied to the facts of a particular case. 38 U.S.C. Sec. 7292(d)(2) (Supp. IV 1993). Accordingly, the case is dismissed for lack of jurisdiction. See Livingston v. Derwinski, 959 F.2d 224, 226 (Fed.Cir.1992).