33 F.3d 65
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stanley H. WASSER, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7112.
 United States Court of Appeals, Federal Circuit.
 Feb. 24, 1994.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Stanley H. Wasser's appeal for lack of jurisdiction. Wasser opposes and requests oral argument.*
 
 
 2
 On April 25, 1988, Wasser sought entitlement for service connection for aggravation to a pre-existing knee disability. On July 1, 1991, the Board of Veterans Appeals granted Wasser a disability rating, effective from 1988, and concluded that the VA's three earlier rating decisions did not involve clear and unmistakable error and were final as to the evidence considered. Wasser appealed that part of the decision that denied an earlier effective date. The Court of Veterans Appeals summarily affirmed the Board of Veterans Appeals' decision on the ground that there was no showing that the statutory or regulatory provisions extant at the time of the earlier rating decisions were incorrectly applied.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Wasser argues that certain facts were not considered, that certain evidence was not properly weighed, and that the Court of Veterans Appeals should have applied a different statute. Wasser thus challenges factual determinations and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 9
 (4) Wasser's request for oral argument is denied.
 
 
 
 *
 Wasser submits various questions concerning his case. As noted in the court's letter dated January 24, 1994, the Court of Veterans Appeals routinely notifies claimants of possible appeal rights. However, this court must determine whether the individual cases fall within the appellate jurisdiction provided by Congress. Accordingly, because we conclude that we do not have jurisdiction in this case, we are unable to grant Wasser the relief requested