48 F.3d 1234
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Carl S. CORNELE, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7043.
 United States Court of Appeals, Federal Circuit.
 May 13, 1994.
 
 ON MOTION
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 
 MAYER
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Carl S. Cornele's appeal for lack of jurisdiction. Cornele has not filed a response.
 
 
 2
 Cornele seeks review of a decision of the Court of Veterans Appeals affirming the Board of Veterans Appeals' decision that denied his request to reopen his claim of entitlement to service connection for residuals of head and neck injuries because no new and material evidence was submitted. In his informal brief, Cornele argues that the Court of Veterans Appeals did not consider all of his evidence and asks that we review the evidence.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulations as applied to the facts of a particular case."
 
 
 4
 Cornele challenges only the conclusion that he did not submit new and material evidence to warrant reopening his claim. His appeal, at most, amounts to a request for review of the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.