38 F.3d 1222
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Eugenio RENTA-ROLDAN, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7052.
 United States Court of Appeals, Federal Circuit.
 June 3, 1994.
 
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Eugenio Renta-Roldan's appeal for lack of jurisdiction. Renta-Roldan has not filed a response.
 
 
 2
 Renta-Roldan seeks review of the February 3, 1994 order of the Court of Veterans Appeals dismissing Renta-Roldan's appeal for lack of jurisdiction because he did not file a Notice of Disagreement (NOD) after November 18, 1988. See Veterans' Judicial Review Act, Pub.L. No. 100-687 Sec. 402 (1988). In his informal brief, Renta-Roldan argues only the merits of his claim, that is, that the regional office misinterpreted a hospital report and that he is entitled to service connection for his psychiatric disability because his condition did not exist prior to military service.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 Renta-Roldan does not address the jurisdictional post-November 18, 1988 NOD requirement. He challenges only the Board's conclusion that his psychiatric disorder is not service connected. His appeal thus amounts to a request for review of matters not considered or ruled on by the Court of Veterans Appeals. This court has no jurisdiction to conduct such an inquiry and, thus, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.