36 F.3d 1109
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James C. SUMMERLIN, Jr., Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7061.
 United States Court of Appeals,
Federal Circuit.
 June 22, 1994.
 
 Before NIES, PLAGER, and RADER Circuit Judges.
 ON MOTION
 ORDER
 NIES, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss James C. Summerlin, Jr.'s appeal for lack of jurisdiction. Summerlin has not filed a response.
 
 
 2
 Summerlin seeks review of a decision of the Court of Veterans Appeals vacating the Board of Veterans Appeals' decision that reopened, but denied, his claim of entitlement to service connection for a lung disorder. The Court of Veterans Appeals concluded that the Board should not have reopened Summerlin's claim because no new and material evidence was submitted. In his informal brief, Summerlin argues that the Court of Veterans Appeals did not consider all of his evidence and that he showed that his condition was chronic.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 Summerlin challenges only the Court of Veterans Appeals' conclusion that he did not submit new and material evidence to warrant reopening his claim. His appeal thus amounts to a request for review of factual determinations and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.