42 F.3d 1409
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Isaac McCLAIN, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7105.
 United States Court of Appeals, Federal Circuit.
 Nov. 18, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Isaac McClain's appeal for lack of jurisdiciton. McClain opposes.
 
 
 2
 In 1969, the VA granted McClain benefits for various injuries stemming from gunshot wounds. McClain reentered active duty in 1975, but continued to receive compensation benefits until July of 1984. The VA subsequently sought to recover the overpayment and McClain sought waiver of the recovery. In June 1993, the Board of Veterans Appeals determined that McClain was not entitled to waiver of the recovery of an overpayment of compensation benefits. On July 8, 1994, the Court of Veterans Appeals summarily affirmed the Board's decision.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, McClain states that although he informed the VA that he had returned to active duty, the VA continued to make payments to him until 1984. In his opposition, McClain argues that "the V.A. has not taken responsibility for its error." The crux of McClain's arguments is that the Court of Veterans Appeals erred by not taking the VA's "error" into account. Essentially, McClain seeks review of the Court of Veterans Appeals' application of the law to the facts of his case. However, this court has no jurisdiction to review challenges to the law as applied to the facts of a case. As this court has no jurisdiction to conduct the inquiry that McClain requests, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.