53 F.3d 347
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Thomas M. NIELSON, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7008.
 United States Court of Appeals, Federal Circuit.
 April 17, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 BRYSON, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Thomas M. Nielson's appeal for lack of jurisdiction.* Nielson opposes.
 
 
 2
 In 1991, Nielson filed a claim for entitlement to service connection for multifocal fibrosclerosis, chronic viral infections, and degenerative muscle disease. He asserted that these conditions were the consequences of malnutrition that he suffered while serving in Korea. The Board of Veterans Appeals found that Nielson had not demonstrated that he suffered from malnutrition while on active duty and that his medical ailments were not service-connected. The Court of Veterans Appeals summarily affirmed the Board's decision.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Nielson argues that the Court of Veterans Appeals erred in neglecting to consider certain evidence concerning his entitlement to service connection. In his response to the Secretary's motion, Nielson alleges that he cited several statutes and regulations for consideration in his brief and, thus, that this court has jurisdiction to review the case. However, the Court of Veterans Appeals did not rely on or interpret any statutes or regulations. In essence, Nielson is challenging findings of fact and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 
 *
 Although the Secretary requested this court to waive the requirement of Fed.Cir.R. 27(d) and moved to dismiss the action under that rule, we understand that the Secretary intended to cite Fed.Cir.R. 27(e)