60 F.3d 840
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Armando A. JARDINE, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7030.
 United States Court of Appeals, Federal Circuit.
 June 8, 1995.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 ON MOTION
 ORDER
 RICH, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(e) and to dismiss Armando A. Jardine's appeal for lack of jurisdiction. Jardine submits an opposition two days out of time.
 
 
 2
 In 1990, Jardine filed a request to reopen his claims for entitlement to service connection for a lower back disorder and an ankle disability. The Board of Veterans Appeals denied his claims on the ground that the evidence submitted by Jardine was new but not material because it did not link his claimed medical conditions to service. The Court of Veterans Appeals summarily affirmed the Board's decision. Jardine appealed to this court.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Jardine contends that certain medical evidence should have been given more weight and that other evidence was not properly dated, thus affecting the validity of his claim for entitlement to service connection. In his response to the Secretary's motion, Jardine argues that the Court of Veterans Appeals "failed to institute and apply the proper judicial procedures" and he cites several regulations that he alleges were "violated" by the Court of Veterans Appeals. However, the Court of Veterans Appeals did not rely on or interpret any statutes or regulations. In essence, Jardine is challenging the weight given to the evidence, findings of fact and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Jardine's motion for leave to file an opposition two days out of time is granted.
 
 
 9
 (4) Each side shall bear its own costs.
 
 
 10
 (5) The revised official caption is reflected above.