56 F.3d 82
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Linette J. HANNA, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7002.
 United States Court of Appeals, Federal Circuit.
 May 12, 1995.
Rehearing Denied; Suggestion for Rehearing
In Banc Declined
June 22, 1995.
 
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 
 DECISION
 PER CURIAM
 
 1
 Linette J. Hanna appeals the June 6, 1994 decision of the United States Court of Veterans Appeals (Veterans Court), Docket No. 92-987, affirming the Board of Veterans' Appeals' (Board) decision denying her petition for dependency and indemnity compensation because her husband's death was not caused by a service-connected disability. See 38 U.S.C. Sec. 1310 (1988). Because Hanna raises only a factual dispute, we dismiss for lack of jurisdiction.
 
 DISCUSSION
 
 2
 Thomas Lowery, Hanna's deceased husband, served in active duty status during World War I from November 1917 until December 1918. According to his death certificate, Lowery's death in September 1937 was due to coronary sclerosis with anemia as a contributory cause. In February 1938, Hanna received notice that she had been awarded "compensation" as an "unremarried widow" of a veteran and that her portion would be discontinued upon her remarriage, which occurred in 1943.
 
 
 3
 In 1990, after the death of her second husband, Hanna applied for dependency and indemnity compensation as Lowery's widow. The Veterans Administration denied the application on the grounds that the cause of Lowery's death was not service-connected. Nor had he been rated totally disabled for 10 or more continuous years prior to his death, as required by 38 U.S.C. Sec. 1318 (1988). The Board and the Veterans Court upheld this decision.
 
 
 4
 Under 38 U.S.C. Sec. 7292 (1988), this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, the Veterans Court relied on in its decision. However, this court may not review a challenge of a factual determination or an application of law or regulation to a particular case. 38 U.S.C. Sec. 7292(d)(2). An appeal raising such a challenge must be dismissed for lack of jurisdiction. Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 5
 Hanna argues that the award of death benefits in 1938 established that her husband's death was service-connected and that the Veterans Court misinterpreted applicable laws and regulations in overturning that determination. This argument is predicated on the assertion that the 1938 benefits were in fact awarded for a service-connected death. The Veterans Court made a factual determination that the benefits were not awarded for service-connected death, but rather they were awarded under a program which provided compensation to widows of World War I veterans who had died of non-service related causes. This finding of fact is not reviewable by this court.
 
 
 6
 Because this appeal raises a factual dispute and not a challenge to the validity of interpretation of a statute or regulation, we dismiss for lack of jurisdiction.