MAYER, Circuit Judge.
 

 Jimmie L. Livingston seeks review of the decision of the United States Court of Veterans Appeals, 1 Vet.App. 34 (1990), affirming the Board of Veterans Appeals’ refusal to reopen his claim for benefits. We dismiss for lack of jurisdiction.
 

 Background
 

 Livingston served on active duty in the United States Coast Guard from March 1969 to March 1973. During his service, he complained of and received medical treatment for severe headaches on several occasions, although no physical or psychiatric basis for these headaches was established.
 

 In 1987, Livingston sought disability benefits for an alleged service connected “headache disorder.” His claim was based in part on contentions that the disorder was caused by trauma suffered when he hit his head on hatchways while serving in the Coast Guard. On March 25, 1987, the Board of Veterans Appeals denied the claim finding that “[a] headache disorder was not incurred or aggravated in service” and that “[t]he veteran does not have a headache disorder which is proximately due to or the result of a service-connected disease or injury.”
 

 Livingston tried to reopen his claim by submitting additional evidence to the Veterans Administration Medical and Regional Office Center in Togas, Maine. The evidence consisted of various statements and reports by doctors and other witnesses pertaining to the cause and continuous nature of the headache disorder. On February 1, 1989, the regional office disallowed Livingston’s claim because sufficient medical evidence to establish a “service-connection for cluster headaches” was still lacking. Livingston appealed this determination to the board, and on October 17, 1989, it refused to reopen the case: “Evidence submitted since the last Board decision does not pro
 
 *225
 
 vide a new factual basis for a finding that a chronic disability productive of headaches was present during service.” On appeal, the Court of Veterans Affairs affirmed the board’s decision stating that “the Board did not err in concluding that no new and material evidence was presented.” Livingston appealed to this court.
 

 Discussion
 

 Our first question is whether we have jurisdiction to take up Livingston’s petition for review.
 
 Woodard v. Sage Products, Inc.,
 
 818 F.2d 841, 844 (Fed.Cir.1987). It is a “well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress.”
 
 Aldinger v. Howard,
 
 427 U.S. 1, 15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976). The jurisdiction of this court, therefore, is “limited to those subjects encompassed within a statutory grant of jurisdiction.”
 
 Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,
 
 456 U.S. 694, 701, 102 S.Ct. 2099, 2103, 72 L.Ed.2d 492 (1982);
 
 see also Christianson v. Colt Indus. Operating Corp.,
 
 486 U.S. 800, 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988).
 

 By the Veterans’ Judicial Review Act, Pub.L. No. 100-687, 102 Stat. 4105 (1988), this court was given limited jurisdiction to hear appeals from the Court of Veterans Appeals. This grant is now set out at 38 U.S.C.A. § 7292 (West 1991)
 
 *
 
 :
 

 Review by United States Court of Appeals for the Federal Circuit
 

 (a) After a decision of the United States Court of Veterans Appeals is entered in a case, any party to the case may obtain a review of the decision with respect to the validity of any statute or regulation ... or interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision....
 

 (c) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision....
 

 (d)(1) The Court of Appeals for the Federal Circuit shall decide all relevant questions of law, including interpreting constitutional and statutory provisions. The court shall hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the Court of Veterans Appeals....
 

 (2) Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.
 

 This jurisdictional scheme must be strictly construed in harmony with our congressional mandate,
 
 Chemical Eng’g Corp. v. Marlo, Inc.,
 
 754 F.2d 331, 333 (Fed.Cir.1984), and we may not, even in the interest of justice, extend our jurisdiction where none exists.
 
 Christianson v. Colt,
 
 486 U.S. at 818, 108 S.Ct. at 2179.
 

 Livingston says the statutory basis for the jurisdiction of this court to hear his appeal is section 7292. However, the mere recitation of a basis for jurisdiction by either party or a court, is not controlling; we must look to the true nature of the action.
 
 Williams v. Secretary of the Navy,
 
 787 F.2d 552, 557 (Fed.Cir.1986);
 
 Chemical Eng’g Corp.,
 
 754 F.2d at 333. The sole contention of error is that the Court of Veterans Appeals misinterpreted the legal effect of the board’s 1989 decision refusing to reopen his claim. His argument is quite simple. The board concluded that “there is no new factual basis which warrants service connection for headaches.” The board also cites the applicable regulation, 38 C.F.R. § 19.194 (1991):
 

 When a claimant requests that a claim be reopened after an appellate decision and
 
 *226
 
 submits evidence in support thereof, a determination as to whether such evidence is new and material must be made and,
 
 if it is,
 
 whether it provides a new factual basis for allowing the claim. An adverse determination as to either question is appealable. [Emphasis added.]
 

 Livingston argues that because the board reached the second step of the section 19.-194 analysis, finding “no new factual basis,” it necessarily completed the first step of the analysis, finding that the newly submitted evidence was “new and material” to the issue of service connection for his headache disorder. The Court of Veterans Appeals disagreed. In its order denying appellant’s motion for rehearing, it said, “While the BVA decision is not a model of precision, it was, and remains, the view of the Court that the decision can be fairly read only as refusing to reopen appellant’s claim on the ground that the evidence submitted was not new and material.”
 

 Livingston’s case rests solely on the alleged misinterpretation of the legal effect of the board’s decision. By this, he confirms that the case is not within our jurisdiction. The interpretation of the board’s decision is unquestionably a matter of law, but that is not enough to bring the appeal within this court’s statutory jurisdiction. In the absence of a challenge to the validity of a statute or a regulation, or the interpretation of a constitutional or statutory provision or a regulation, we have no authority to consider the appeal.
 

 Conclvsion
 

 Accordingly, the case is dismissed for lack of jurisdiction.
 

 DISMISSED.
 

 *
 

 Section 7292 is the redesignation of 38 U.S.C. § 4092 (1988 & Supp.1989).
 
 See
 
 Department of Veterans Affairs Health-Care Personnel Act of 1991, Pub.L. No. 102-40, 105 Stat. 187, 238-39.