6 F.3d 787
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Kenneth D. ABBE, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7060.
 United States Court of Appeals, Federal Circuit.
 Sept. 13, 1993.
 
 Before NIES, Chief Judge, RADER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant seeks review of an order of the United States Court of Veterans Appeals dismissing for lack of jurisdiction his appeal from the Board of Veterans Appeals. Appellant challenges only the factual determinations by the court and the application of the law and regulations to his claim. No issue is raised which falls within the limited jurisdiction of this court under 38 U.S.C.A. Secs. 7292(c), (d)(1)-(2) (West 1991). Accordingly, the appeal must be and is dismissed. See Livingston v. Derwinski, 959 F.2d 224 (Fed.Cir.1992).
 
 
 2
 Most of the appeals to the Federal Circuit from sources other than the Court of Veterans Appeals involve reviewing decisions from trial courts or agency boards that function like trial courts. In these other appeals, Congress has given this court broad power to review many types of issues on appeal, including questions of fact or the application of the law to the facts of the case. Such broad appellate review powers are typical for federal appellate courts.
 
 
 3
 In appeals from the Court of Veterans Appeals, unlike cases that come directly from a trial court or administrative agency, we review cases that have already been subject to review by an appellate court. In recognition of this previous appellate review, Congress in these cases denied this court the usual broad scope of review exercised by courts of appeals, and strictly limited this court's role to the review of certain rulemaking, statutory, and constitutional issues. In particular, section 7292(d) of Title 38 of the U.S. Code states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 This court may only review challenges to the validity of a statute or regulation or the interpretation of a constitutional or statutory provision that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity of a statute or regulation or the interpretation of a constitutional or statutory provision relied on by the Court of Veterans Appeals, this court is required by Congress to dismiss the appeal.