33 F.3d 64
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ZW, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7126.
 United States Court of Appeals, Federal Circuit.
 Feb. 3, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss ZW's appeal for lack of jurisdiction. ZW has not filed a response.
 
 
 2
 ZW served in active military service from February 1944 to August 1946. In September of 1946, ZW filed for service connection for a nervous disorder. The regional office denied that claim and ZW's subsequent claims in 1947, 1948, 1949, 1952 and 1966. In the 1980's, ZW continued to file claims seeking service connection for a psychiatric disorder, and for an acquired psychiatric disorder, including, post-traumatic stress disorder (PTSD). The Board denied those claims in 1987.
 
 
 3
 On March 23, 1992, the Board of Veterans Appeals denied ZW's renewed claim for entitlement to service connection for an acquired psychiatric disability, including PTSD, reviewing all of the old and new evidence. On May 18, 1993, the Court of Veterans Appeals granted the Secretary's motion to summarily affirm the Board's decision.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 ZW argues in his informal brief that the Court of Veterans Appeals failed to take certain World War II events into account when upholding the decision relating to PTSD. ZW's appeal thus amounts to a request for review of the Court of Veterans Appeals' application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.