33 F.3d 64
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Crestita L. ALFONSO, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7094.
 United States Court of Appeals, Federal Circuit.
 Feb. 3, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Crestita L. Alfonso's appeal for lack of jurisdiction. Alfonso has not responded.
 
 
 2
 Alfonso, a veteran's widow, applied for benefits on the ground that her spouse's death was attributable to his active service. The Board of Veterans Appeals denied service connection for the cause of the veteran's death. The Board specifically found that neither cardiovascular disease nor pulmonary tuberculosis was manifested within the presumptive periods. The Board concluded that the causes of the veteran's death were not incurred in or aggravated by service and thus denied service connection. The Court of Veterans Appeals summarily affirmed the Board's decision, stating that Alfonso had not shown that the Board committed either factual or legal error that would warrant reversal.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In her informal brief,* Alfonso argues that her case should have been remanded for the development of additional evidence and that the "Doctrine of Reasonable Doubt" was not applied. Alfonso challenges only factual determinations and the application of the law to her claim. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 
 *
 In her informal brief, Alfonso asks that we stay these proceedings and appoint counsel to represent her. This court has no procedures for the appointment of counsel and, thus, a stay is not warranted