36 F.3d 1108
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Honorio C. ESTRELLA, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7065.
 United States Court of Appeals, Federal Circuit.
 June 22, 1994.
 
 Before NIES, PLAGER, and RADER Circuit Judges.
 ON MOTION
 ORDER
 NIES, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves (1) to waive the requirements of Fed.Cir.R. 27(e), (2) to dismiss Honorio C. Estrella's appeal for lack of jurisdiction, and (3) to strike certain documents that Estrella attached to his informal brief. Estrella opposes.
 
 
 2
 Estrella seeks review of a decision of the Court of Veterans Appeals summarily affirming the Board of Veterans Appeals' decision that denied his claim of entitlement to veterans benefits on the ground that he did not establish that he had served in the Armed Forces of the United States. In his informal brief, Estrella argues that the Court of Veterans Appeals failed to consider all of the evidence he submitted to support his claim.*
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 Estrella challenges the Court of Veterans Appeals' conclusion that the evidence he submitted to the Board did not establish that he had served in the Armed Forces of the United States. Estrella also purports to challenge the constitutionality and validity of various statutes and regulations. However, Estrella first states that these statutes and regulations support his claim and argues that they were not properly applied to his claim. Thus, his appeal amounts to a request for review of factual determinations and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) The Secretary's motion to strike is moot.
 
 
 9
 (4) Each side shall bear its own costs.
 
 
 
 *
 On pages 6-7 of the Court of Veterans Appeals' September 22, 1993 decision, the Court noted that several documents submitted by Estrella could not be considered because they were not part of the record before the Board. The Court stated further that Estrella "is free to submit those documents to the RO if he believes they may satisfy the criteria of Sec. 3.203, or to submit them to the ABCMR to seek to have his service records corrected to reflect his contention that he had qualifying service in the U.S. Armed Forces."