53 F.3d 347
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Lyle H. PRENZLER, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7024.
 United States Court of Appeals, Federal Circuit.
 April 17, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 BRYSON, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Lyle H. Prenzler's appeal for lack of jurisdiction.* Prenzler opposes.
 
 
 2
 In 1991, Prenzler filed a request to reopen his claims for entitlement to service connection for anal incontinence and an abdominal aortic aneurysm. The Board of Veterans Appeals denied his claims on the ground that he had failed to submit new and material evidence. The Court of Veterans Appeals affirmed the Board's decision and concluded that the evidence provided by Prenzler was both cumulative and materially flawed because it did not link his claimed medical conditions to service. Prenzler appealed to this court.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Prenzler contends that the Court of Veterans Appeals erred in its determination that certain evidence submitted by Prenzler was not "new and material." In essence, Prenzler is challenging findings of fact and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 
 *
 Although the Secretary requested this court to waive the requirement of Fed.Cir.R. 27(d) and moved to dismiss the action under that rule, we understand that the Secretary intended to cite Fed.Cir.R. 27(e)