53 F.3d 347
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Bunelcy PREWITT, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7021.
 United States Court of Appeals, Federal Circuit.
 April 17, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 BRYSON, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Bunelcy Prewitt's appeal for lack of jurisdiction. Prewitt opposes.
 
 
 2
 In 1991, Prewitt sought an increased disability rating for his service-connected malaria on the ground that it had worsened. The Board of Veterans Appeals found that there was no clinical evidence or medical opinion of record to associate any of Prewitt's complaints with his history of malaria and denied Prewitt a compensable evaluation. The Court of Veterans Appeals summarily affirmed the Board's decision and stated that "the appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal or remand." Prewitt appealed to this court.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Prewitt argues that the Court of Veterans Appeals erred in weighing certain evidence concerning the consequences, if any, of his service-connected malaria. Prewitt also challenges the application of the law to his claim. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.