65 F.3d 186
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Florence M. BOOKER, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7041.
 United States Court of Appeals, Federal Circuit.
 July 27, 1995.
 
 Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(e) and to dismiss Florence M. Booker's appeal for lack of jurisdiction. Booker opposes.
 
 
 2
 Booker was denied entitlement to service connection, for the cause of her husband's death, by the Board of Veterans Appeals in 1980, 1984, 1992, and 1993. In its 1993 decision, the Board determined that Booker failed to submit new and material evidence. Booker appealed to the Court of Veterans Appeals. The Court of Veterans Appeals summarily affirmed the Board's decision, concluding that the new evidence either was "cumulative of evidence of record," had been "previously considered by the Board," or was "not material." This appeal followed.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section provides that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In her informal brief and opposition, Booker argues that the Court of Veterans Appeals failed to consider certain medical evidence and that on the evidence submitted, benefits should have been awarded. In essence, Booker challenges the Court of Veteran Appeal's factual determinations and application of law to her case. Because this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.