66 F.3d 344
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ludy RADNEY, Jr., Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7036.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1995.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Ludy Radney, Jr.'s appeal for lack of jurisdiction. Radney opposes.
 
 
 2
 Radney sought service connection for Post-Traumatic Stress Disorder (PTSD). The regional office denied service connection for PTSD.* Radney appealed to the Board of Veterans Appeals. The Board referenced the revised 1987 third edition of the Diagnostic and Statistical Manual of Mental Disorders (the Manual ) and stated that "[t]he essential feature of post-traumatic stress disorder is the development of characteristic symptoms following a psychologically distressing event that is outside the range of unusual human experience." The Board stated that Radney's statements concerning PTSD stressors were uncorroborated and "not credible" and denied service connection. The Board also stated that "any diagnosis of post-traumatic stress disorder would not be due to events happening in Vietnam." Radney appealed to the Court of Veterans Appeals.
 
 
 3
 In a one-judge decision, the Court of Veterans Appeals summarily affirmed the Board's decision, noting that the Board determination concerning service connection "has a plausible basis" and that the standards for summary affirmance were met. Radney moved for review by a panel. Two members of a three-member panel denied panel review. The third member dissented, stating that panel review was warranted because "the outcome in this case is reasonably debatable and should be decided by a panel. I also disagree with the Court's decision affirming the decision of the Board...." The dissenting member questioned the Board's conclusions and lack of conclusions on certain issues, and also noted that the Board had relied on the revised 1987 third edition of the Manual, "which has not yet been adopted by VA regulations...." The Court of Veterans Appeals entered judgment and Radney timely appealed.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 Radney's arguments on appeal are two-fold. First, Radney argues that panel review should have been granted because "[t]he outcome is reasonably debatable as reflected in Judge Steinberg's dissenting opinion in this case." That argument is a challenge to the application of the court's rule and case law permitting panel review to the facts of Radney's case, and thus is not within this court's jurisdiction. Second, Radney argues that the evidence shows that he met the criteria for establishing PTSD, that he was entitled to an examination by the Department of Veterans Affairs, that the Board failed to give adequate reasons or bases for its decision, and that the Board improperly referenced the revised 1987 third edition of the Manual. Those arguments either concern factual determinations and the application of a law or regulation to the facts of Radney's case or issues which were not addressed by the Court of Veterans Appeals. See 38 U.S.C. Sec. 7292 ("any party may obtain a review of the decision with respect to the validity of any statute or regulation ... or any interpretation thereof ... that was relied on by the Court [of Veterans Appeals] in making the decision" (emphasis added)). In sum, Radney challenges factual determinations, the application of the law to the facts of his case, and issues not expressly considered by the Court of Veterans Appeals. As this court has no jurisdiction to review Radney's arguments, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.
 
 
 
 *
 Radney also sought service connection for a skin condition. It is unclear what disposition was made concerning that claim