74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Floy HAWORTH, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7059.
 United States Court of Appeals, Federal Circuit.
 Jan. 3, 1996.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 ON MOTION
 ORDER
 ARCHER, Chief Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Floy Haworth's appeal for lack of jurisdiction. We treat the Secretary's motion as a motion for leave to file an overlong motion. The court accepts Haworth's untimely opposition.
 
 
 2
 In 1990, Haworth filed a request to reopen his claim for entitlement to service connection for plasmacytoma and metastatic multiple myeloma due to exposure to ionizing radiation. The Board of Veterans Appeals reviewed Haworth's claim de novo because Congress had passed the Veterans' Dioxin and Radiation Exposure Compensation Standards Act subsequent to the Board's initial denial of the claim in 1980. The Board determined that Haworth had not participated in a statutorily-defined radiation-risk activity and that he had not demonstrated that he had been exposed to ionizing radiation during service. Accordingly, the Board denied Haworth's claim for entitlement to service connection. The Court of Veterans Appeals summarily affirmed the Board's decision. Haworth appealed to this court.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief and his response to the Secretary's motion to dismiss, Haworth argues that certain medical and documentary evidence was not considered by the Court of Veterans Appeals and that the law was not properly applied. Haworth does not argue that the Court of Veterans Appeals misinterpreted a statute or regulation. In essence, Haworth is challenging findings of fact and the application of the law to the facts of his case. As this court has no jurisdiction to conduct the inquiry that Haworth seeks, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion for leave to file an overlong motion is granted.
 
 
 8
 (3) The Secretary's motion to dismiss is granted.
 
 
 9
 (4) Each side shall bear its own costs.