78 F.3d 602
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James C. AYRES, CLaimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7007
 United States Court of Appeals, Federal Circuit.
 Feb. 1, 1996.
 
 Before RICH, Circuit Judge, NIES, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 CLEVENGER, Circuit Judge.
 
 ON MOTION
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R.27(e) and to dismiss James C. Ayres' appeal for jurisdiction. Ayres opposes.
 
 
 2
 In 1991, Ayres requested that the Department of Veterans Affairs (VA) pay for a diagnostic procedure that had been performed at the University of Virginia Hospital. The VA refused to pay for the procedure because Ayres had not first sought VA approval and the procedure was not of an emergency nature. The Board of Veterans Appeals dismissed Ayres' claim on the ground that Ayres had not submitted evidence that the procedure met the criteria for unauthorized medical expenses under which the VA may reimburse veterans for medical services at a non-VA facility. See 38 U.S.C. § 1728(a). The Court of Veterans Appeals affirmed the Board's decision, stating that the VA had not approved the treatment and that there was no evidence that the treatment was emergent in nature. Ayres appealed to this court.
 
 
 3
 If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or present a constitutional issue, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. That section states further that "[e]xcept to the extent that an appeal under this chapter presents a constitutional issue," this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his response to the Secretary's motion, Ayres argues that a June 7, 1977 letter from the VA is "an individually authorized agreement for services at the University of Virginia Medical Center." However, the Court of Veterans Appeals specifically found that the June 1977 letter did not constitute approval of the procedure performed at the University of Virginia. Ayres further contends that the Court of Veterans Appeals' "use of inaccurate, incomplete and false information" is "unconstitutional." Although Ayres frames his argument in "constitutional" terms, Ayres essentially seeks review of the Court of Veterans Appeals' factual findings and application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (l) The Secretary's motion to waive the requirements of Fed.Cir.R.27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.