106 F.3d 422
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Andrew MACKEY, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7018.
 United States Court of Appeals, Federal Circuit.
 April 01, 1996.
 
 DISMISSED.
 Before SCHALL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 BRYSON, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Andrew Mackey's appeal. Mackey has not responded.
 
 
 2
 On December 11, 1995, Mackey filed a petition for a writ of mandamus with the Court of Veterans Appeals. Mackey sought an increased rating for service-connected schizophrenia. It appears that there is an ongoing proceeding at the regional office concerning Mackey's disability rating. On January 11, 1995, the veterans court denied Mackey's petition noting that Mackey had submitted evidence to the Veterans Administration in July 1995 and determining that delay must be unreasonable before the court will invoke its mandamus power.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In his informal brief, Mackey requests that the Board readjust his disability rating based on the evidence of record in order to determine if there has been a change in his disability. Mackey, however, does not challenge the validity or interpretation of any statute or regulation relied on by the Court of Veterans Appeals in making its decision, nor does he raise any constitutional issues. Instead, Mackey challenges the veterans court's factual determinations and application of the law to the facts of the case. Because this court does not have jurisdiction over such an appeal, 38 U.S.C. § 7292(d)(2), this case must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.