92 F.3d 1204
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edward R. MATLACK, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7015.
 United States Court of Appeals, Federal Circuit.
 July 1, 1996.
 
 Before ARCHER, Chief Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for leave to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Edward R. Matlack's appeal. Matlack has not responded.
 
 
 2
 Matlack served in the Air Force from November 1955 to November 1959. In April 1959, Matlack suffered a fractured right femur as a result of a jeep accident. In 1990, Matlack filed a claim for secondary service connection for a right hip disability and a back disability. In 1994, the Board determined that Matlack's claim was well-grounded, but denied service connection for the hip and back disabilities, concluding that the evidence failed to demonstrate a causal connection between Matlack's in-service leg injury and the hip and back disabilities. Matlack appealed to the Court of Veterans Appeals.
 
 
 3
 The Court of Veterans Appeals concluded that Matlack's claim was not well-grounded, but summarily affirmed following its usual course where the Board erroneously finds a claim to be well-grounded but denies the claim on the merits. This appeal followed.
 
 
 4
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet those criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 5
 In his brief, Matlack contends that the Board failed to make an adequate medical evaluation of his condition and that he has supported his claim for secondary service connection with sufficient medical evidence. Matlack, however, does not challenge the validity or interpretation of any statute or regulation relied on by the Court of Veterans Appeals in making its decision, nor does Matlack raise any constitutional issues. Instead, Matlack challenges the veterans court's factual determinations and application of the law to the facts of this case. Because this court does not have jurisdiction over Matlack's appeal, 38 U.S.C. § 7292(d)(2), this case must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.