95 F.3d 1168
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Don L. RADLUND, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-71027.
 United States Court of Appeals, Federal Circuit.
 Aug. 20, 1996.
 
 Before RICH, LOURIE, and CLEVENGER, Circuit Judges.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Don L. Radlund's appeal for lack of jurisdiction. Radlund opposes.
 
 
 2
 Radlund sought compensation for aggravation of a non-service-connected condition by a service-connected injury. The regional office and the Board of Veterans Appeals denied Radlund's claim. Radlund appealed to the Court of Veterans Appeals. Radlund and the Secretary filed a joint motion to remand to consider the claim in light of a recent decision of the Court of Veterans Appeals. The Court of Veterans Appeals granted the motion and Radlund sought attorney fees and expenses under the Equal Access to Justice Act (EAJA). The Court of Veterans Appeals denied Radlund's EAJA application, determining that the Secretary's position during the administrative proceedings and before the Court of Veterans Appeals was substantially justified. Specifically, the Court of Veterans Appeals determined that it was reasonable for the Secretary to have relied on one of two conflicting decisions concerning the issue in Radlund's case. Radlund appealed to this court.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In his response to the Secretary's motion, Radlund argues that he seeks review of a legal issue, i.e., the state of the law during the time before the Secretary joined Radlund in the motion for remand. Radlund argues that he is not seeking review of the facts of his case, which he characterizes as the issues concerning his benefits claim. However, our jurisdiction is not divided between review of legal issues and non-review of factual issues. Our jurisdiction permits us to review a constitutional challenge or a challenge to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Radlund's challenge would not require this court to review the validity or interpretation of any statute or regulation. Instead, Radlund challenges the determination that the Secretary was substantially justified in opposing Radlund's claim. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.