101 F.3d 715
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Simplicio B. IMATONG, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7036.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 PLAGER, Chief Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for leave to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Simplicio B. Imatong's appeal. Imatong has not responded.
 
 
 2
 In 1993, the Board of Veterans Appeals denied Imatong's claim for disability benefits, concluding that Imatong had not established that he served as a member of the Philippines Commonwealth Army or any of the recognized guerrillas in the service of the United States Armed Forces. Imatong filed an appeal with the Court of Veterans Appeals. The veterans court noted that the U.S. Army Reserve Personnel Center, St. Louis, Missouri, certified that Imatong did not have creditable service and that the document submitted by Imatong did not meet the criterion of 38 C.F.R. § 3.203 (absent service department verification, a claimant must submit an authentic service department document establishing proof of service). The Court of Veterans Appeals thus affirmed the Board's decision. This appeal followed.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet those criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In his brief, Imatong states that he is entitled to benefits, that there are no grounds for denying his disability claim, and that he is not trying to cheat the United States government. Imatong, however, does not challenge the validity or interpretation of any statute or regulation relied on by the Court of Veterans Appeals in making its decision, nor does Imatong raise any constitutional issues. Instead, Imatong challenges the veterans court's factual determinations and application of the law to the facts of this case. Because this court does not have jurisdiction over Imatong's appeal, 38 U.S.C. § 7292(d)(2), this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.