Frank M. **MANZO**, Claimant–
Appellant,

v.

Anthony J. **PRINCIPI**, Secretary of
Veterans Affairs, Respondent–
Appellee.

No. 02–7394.

United States Court of Appeals,
Federal Circuit.

April 28, 2003.

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Frank M. Manzo ("Manzo") seeks review of a final decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans Appeals ("Board") which: (1) determined that the Veterans Affairs regional office ("RO") rating decision denying service connection for a nervous disorder did not contain clear and unmistakable error ("CUE"); and (2) denied Manzo's entitlement to an earlier effective date for service connection for various mental disorders. *Manzo v. Principi*, No. 00–897, 2002 WL 517175 (Vet.App. Mar. 20, 2002). Because Manzo has not presented an appeal over which this court has jurisdiction, the appeal is *dismissed.*

## BACKGROUND

Manzo served on active duty with the United States Coast Guard from July 1959 to January 1960. Shortly after enlisting, he was diagnosed with chronic anxiety reaction, and was released from service several months later. In July 1961, Manzo attempted to reenlist, at which time he was diagnosed with passive-aggressive personality disorder that had existed for at least five years, and deemed not fit for duty.

In October 1986, Manzo submitted a service-connected disability claim based upon a mental disease. That claim was denied on March 2, 1987, by the RO on the ground that Manzo had been diagnosed in 1961 with a non-compensable personality disorder. Manzo attempted to reopen his claim in October of 1994. This too was denied by the RO, on the ground that there was no new and material evidence.

Manzo underwent a Compensation and Pension Examination in 1997, at which time he was diagnosed with several mental disorders, including bipolar II disorder, panic disorder, attention deficit disorder, and obsessive-compulsive disorder. In June 1997, Manzo received a rating decision establishing service connection, and received a 100% rating for bipolar, panic, and attention deficit disorders, effective October 24, 1994.

Manzo filed a Notice of Disagreement, asserting that the effective date should have been 1986, when he first applied for benefits. In August 1997, he appealed to the Board, which remanded the case to the RO to determine if the 1987 decision contained CUE.

Manzo argued at his RO hearing that the 1959 service records indicated a diagnosis for chronic anxiety reaction and subsequent treatment. Additionally, he argued that even though he had a non-compensable personality disorder, he also had a compensable anxiety disorder, which was being treated while on active duty, as evidenced by his 1959 service records. It was this post-service misdiagnosis of a personality disorder, Manzo argued, that resulted in an erroneous determination in the rating that denied service connection. The RO found Manzo's argument that he had an anxiety disorder, and the Department of Veterans Affairs' ("VA's") argument that Manzo had a personality disorder to be "simply a difference of opinion." The RO also found that

Manzo did not provide any testimony or evidence that would provide a basis for changing the award date for benefits. Specifically, the RO noted that "[m]edical evidence which did not exist until subsequent to the decision [in this case, the 1997 Compensation and Pension Examination] cannot be considered in determining whether there was clear and unmistakable error in the decision." *See* 38 C.F.R. § 20.1403(b)(1) (2002).

On April 13, 2000, the Board affirmed the RO decision that there was no CUE in the March 1987 rating decision. The Board found that "[w]hile there was some medical evidence that supported the veteran's claim, there was certainly competent evidence of record that supported the RO decision in 1987. The veteran's argument amounts to a disagreement as to how that evidence was weighed and, as such, the Board cannot find a clear and unmistakable error." The Board noted that a finding of CUE under these *circumstances* would be contrary to Veterans Court precedent that CUE must be "undebatable," and of the sort that, had the error not been made, would have "manifestly changed the outcome at the time it was made." The Veterans Court affirmed the Board's decision on March 20, 2002. Manzo timely appealed to this court. Jurisdiction is disputed.

## DISCUSSION

We must first determine whether we have jurisdiction to hear Manzo's appeal. *Livingston v. Derwinski,* 959 F.2d 224, 225 (Fed.Cir.1992). It is a "well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress." *Aldinger v. Howard,* 427 U.S. 1, 15, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). The jurisdiction of this court, therefore, is "limited to those subjects en-

compassed within a statutory grant of jurisdiction." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

This court's jurisdiction to hear cases on appeal from the Veterans Court is grounded in 38 U.S.C. § 7292, which states, in pertinent part:

(d)(1) The Court of Appeals for the Federal Circuit shall decide all relevant questions of law, including interpreting constitutional and statutory provisions. The court shall hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the Court of Appeals for Veterans Claims that the Court of Appeals for the Federal Circuit finds to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) *contrary to constitutional right, power, privilege, or immunity;*

(C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or

(D) without observance of procedure required by law.

(2) Except to the extent that an appeal under this chapter presents a constitutional issue, the *Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.*

38 U.S.C. § 7292(d) (2000) (emphases added). This jurisdictional scheme must be strictly construed in harmony with our congressional mandate. *Livingston,* 959 F.2d at 225. Jurisdiction may not be conferred upon this court by a mere recitation of a party; rather, the true nature of the

action must be considered to determine if jurisdiction is proper. *Id.*

"Previous determinations [of the VA] which are final and binding, including decisions of service connection ..., will be accepted as correct in the absence of clear and unmistakable error." 38 C.F.R. § 3.105(a) (2002). "A decision by the Board is subject to revision on the grounds of clear and unmistakable error. If evidence establishes the error, the prior decision shall be reversed or revised." 38 U.S.C. § 7111(a) (2000).

Manzo asserts in his brief that this court has jurisdiction to hear this appeal "by virtue of 38 U.S.C.[ ] § 7292[ ], on the basis that the Claimant–Appellant seeks review of the [Veterans Court's] interpretation of 38 U.S.C.[ ] § 7111 [1] [ ], and 38 C.F.R. § 3.105(a) [ ], with respect to the binding nature of previous determinations where there appears [CUE]." Alternatively, Manzo argues that his constitutional rights were violated because he was unable to submit relevant evidence in support of his claim. The VA counters that the issues raised on appeal are not within the jurisdiction of this court, but rather, can be reduced to solely a factual dispute: Manzo disagrees with the RO's weighing of the evidence.

This court does not have jurisdiction to hear Manzo's appeal. As a threshold matter, the Veterans Court did not even interpret 38 U.S.C. § 7111 or 38 C.F.R. § 3.105(a) in its decision. Rather, it merely applied the law to the facts of the case. As no CUE was found by the RO, that decision was binding on the Veterans Court in accordance with 38 C.F.R.

§ 3.105(a). Without CUE, revision of the decision under 38 U.S.C. § 7111 is prohibited. While Manzo feels that he submitted sufficient evidence to establish CUE, the RO did not. This amounts to merely a dispute as to how the evidence was weighed, in other words: a factual dispute. Manzo's first argument, then, does not present an issue on appeal over which we may exercise jurisdiction. *See* 38 U.S.C. § 7111(d)(2).

Similarly, we find unpersuasive Manzo's argument that his constitutional rights were violated. Manzo argues that a lack of evidentiary standards for the RO hearing led the RO to consider some evidence (his 1961 personality disorder diagnosis), and disregard other evidence (his 1959 chronic anxiety diagnosis), to Manzo's detriment. This, too, amounts to nothing more than a dispute as to the weight given to any particular evidence, not a violation of constitutional rights. Therefore, Manzo's second argument for jurisdiction of this court to hear a constitutional violation also fails. *See* 38 U.S.C. § 7111(d)(1)(B).

Therefore, for the reasons stated above, we dismiss Manzo's appeal for lack of jurisdiction.

No costs.

---

1. Section 7111 addresses review of *Board* decisions for CUE. Review of *RO* decisions for CUE is under 38 U.S.C. § 5109A. As RO review is the issue here, § 5109A is applicable. Manzo does cite to both statute sections in his brief, and the fact that they are nearly identical, *see Disabled Am. Veterans v. Gober,* 234 F.3d 682, 696 (Fed.Cir.2000), makes this error harmless. As Manzo brought this appeal under § 7111, we will address that section in this opinion.