66 F.3d 344
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Peter W. FIELD, Petitioner,
v.
Jesse BROWN, Secretary of Veterans Affairs, Appellee.
 No. 95-7048.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1995.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves for a 14-day extension of time, until July 10, 1995, to file his informal brief or a dispositive motion. The Secretary states that Peter W. Field opposes. The Secretary now submits a motion to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Field's appeal for lack of jurisdiction. We treat the Secretary's motion as a motion for leave to file an overly long motion. Field opposes.
 
 
 2
 In 1989, Field filed claims for entitlement to service connection for the extractions of teeth number 1 through 32 and for residuals of a fractured mandible. The regional office denied the claims. On July 1, 1991, the Board of Veterans Appeals (1) denied service connection for residuals of a fractured mandible, (2) granted service connection for the extraction of teeth, and (3) left to the regional office the assignment of the disability rating and the effective date. Field appealed to the Court of Veterans Appeals. Meanwhile, the regional office apparently assigned a 0% rating on August 14, 1991, but did not send a copy of the decision to Field. The regional office has now been instructed to issue proper notice to Field and to inform him of his appellate rights.
 
 
 3
 The Court of Veterans Appeals dismissed Field's appeal as to the extraction of teeth because it was not ripe for appellate review. In a separate decision, the Court of Veterans Appeals summarily affirmed the denial of service connection for residuals of a fractured mandible because the claim was not well grounded. Field appealed to this court.
 
 
 4
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 In his informal brief, Field argues that his medical records are incomplete and that the missing records would have supported his claim. He also contends that the Court of Veterans Appeals erred in neglecting to consider certain facts concerning the extraction of his teeth and that his lay testimony should have been given more weight. Finally, Field asserts in his opposition that the Court of Veterans Appeals should have reviewed the regional office's 0% rating decision and that his "rights to timely justice as guaranteed by the Constitution are being denied." However, the Court of Veterans Appeals found that it did not have jurisdiction to review Field's request for an increased rating because such a claim had not been adjudicated by the Board. In essence, Field is challenging the weight given to the evidence, factual findings, and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion for an extension of time is granted.
 
 
 8
 (2) The Secretary's motion for leave to file an overly long motion is granted.
 
 
 9
 (3) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 10
 (4) The Secretary's motion to dismiss is granted.
 
 
 11
 (5) Each side shall bear its own costs.