74 F.3d 1258
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James C. AYRES, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7003.
 United States Court of Appeals, Federal Circuit.
 Jan. 3, 1996.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 ON MOTION
 ORDER
 ARCHER, Chief Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss James C. Ayres' appeal for lack of jurisdiction. Ayres opposes.
 
 
 2
 On September 19, 1994, Ayres submitted a document that the Court of Veterans Appeals construed as a petition for a writ of mandamus. Ayres requested that the Court of Veterans Appeals order the Board of Veterans Appeals to provide him with a copy of a Board decision allegedly issued in October 1992 concerning a Notice of Disagreement (NOD) that he had filed in March 1989. The Court of Veterans Appeals ordered the Secretary to respond to the petition. The Secretary stated that because Ayres had not filed a timely substantive appeal to the Statement of the Case (SOC) issued in response to the NOD, there was no Board decision relating to the SOC. Subsequently, the Secretary filed a supplemental response stating that the VA Medical Center (VAMC) had not fully complied with the statutory and regulatory requirements concerning Ayres' claim that he had been denied payment of travel allowance, because it had failed to provide Ayres with a SOC regarding that issue. On August 7, 1995, the Secretary informed the Court of Veterans Appeals that the VAMC issued a SOC concerning the travel allowance on July 28, 1995. The Court of Veterans Appeals denied Ayres' petition for a writ of mandamus, stating that there was no basis on which to justify intervention in the administrative processing of the travel allowance issue. The court noted that it could not compel the Board to provide Ayres with a copy of a decision that was apparently never issued. Ayres appealed to this court.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Ayres argues that the Court of Veterans Appeals should have required the Board to send him a copy of its decision. In his response to the Secretary's motion, Ayres contends that the Board's failure to mail a copy of the decision "creates a Constitutional issue." Although Ayres frames his argument in constitutional terms, this court may only review the interpretation of a constitutional provision that the Court of Veterans Appeals relied on in its decision. In this case, the Court of Veterans Appeals did not rely on any constitutional provision in its decision. Rather, the Court of Veterans Appeals determined that Ayres failed to establish that he was entitled to the extraordinary relief of mandamus. Essentially, Ayres seeks review of the Court of Veterans Appeals' factual findings and application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.