78 F.3d 602
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Billy JENKINS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7002.
 United States Court of Appeals, Federal Circuit.
 Jan. 30, 1996.
 
 Before RICH, Circuit Judge, NIES, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss this appeal for lack of jurisdiction. Billy Jenkins has not responded.
 
 
 2
 In 1972, 1976, 1987, 1988, 1989, and 1990, Jenkins either attempted to reopen his claim for service connection with respect to a psychiatric disorder or filed additional applications for benefits concerning that condition. After the regional office denied his claim in 1990, Jenkins appealed to the Board of Veterans Appeals. After twice remanding the case to the regional office for further development, the Board determined that Jenkins had not submitted new and material evidence and it denied Jenkins' claim. Jenkins appealed to the Court of Veterans Appeals.
 
 
 3
 The Court of Veterans Appeals remanded the case to the Board for reconsideration of Jenkins' claim in light of all the available evidence. On remand, the Board denied service connection. The Court of Veterans Appeals summarily affirmed, determining that Jenkins' service medical records, private hospital records, and Department of Veterans Affairs facility records all indicated that Jenkins' treatment for a psychiatric disorder began "long after his discharge, and do not indicate that this disability was incurred or aggravated by service." This appeal followed.
 
 
 4
 Under 38 U.S.C. § 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, § 7292(d) requires this court to dismiss the appeal. That section provides that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 The Secretary contends that Jenkins now seeks review only of the Court of Veterans Appeals' factual determinations and the application of the law to those determinations. We agree. In his informal brief, Jenkins argues that Court of Veterans Appeals failed to hold the doctors at Fort Jackson, South Carolina, responsible for their treatment of appellant. Jenkins does not contend that the Court of Veterans Appeals erred in interpreting a statute, regulation, or constitutional provision, nor does Jenkins challenge the validity of a statute or regulation. As this court has no jurisdiction to conduct the sort of inquiry Jenkins seeks, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.