82 F.3d 432
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard S. HENDERSON, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7072.
 United States Court of Appeals, Federal Circuit.
 Feb. 28, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
April 4, 1996.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 On October 20, 1995, we directed Richard S. Henderson to respond to the issue of whether his notice of appeal was timely. We directed the Secretary of Veterans Affairs to respond within ten days thereafter. Henderson submitted a response on October 27, 1995.* Because Henderson did not serve the Secretary with his response, this court provided the Secretary with a copy of the response and directed the Secretary to respond by December 14, 1995. The Secretary submits an untimely response.
 
 
 2
 On June 23, 1995, the Court of Veterans Appeals denied Henderson's petition for writ of mandamus. On August 15, 1995, Henderson filed a motion requesting leave to file out of time a motion to vacate the court's June 23, 1995 order, a motion for reconsideration, and a motion for an expedited ruling. The court denied Henderson's motion for leave on September 5, 1995 and returned his untimely motions. Henderson appealed to this court on September 11, 1995. On September 13, 1995, this court received a letter from the Clerk of the Court of Veterans Appeals stating that Henderson's notice of appeal was untimely.
 
 
 3
 An appeal from the Court of Veterans Appeals must be filed within 60 days after the date of entry of judgment. 38 U.S.C. § 7292(a); 28 U.S.C. § 2107; Fed.R.App.P. 4(a)(1). Henderson filed his notice of appeal approximately 80 days after the Court of Veterans Appeals' June 23, 1995 order. Thus, to the extent that his appeal concerns the June 23, 1995 order, that portion of the appeal is dismissed as untimely.
 
 
 4
 To the extent that Henderson's appeal concerns the Court of Veterans Appeals' denial of his motion for leave, we must dismiss that portion of the appeal because this court lacks jurisdiction to review that order. Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 5
 In the present case, the Court of Veterans Appeals denied Henderson's motion for leave because it was filed 52 days after the court's June 23, 1995 order. In doing so, the Court of Veterans Appeals merely applied its rule that motions for reconsideration must be filed within 21 days after the date of a single-judge decision and exercised its discretion in refusing to extend the time. As this court has no jurisdiction to review such determinations, this portion of the appeal must also be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Henderson's appeal is dismissed.
 
 
 8
 (2) Each side shall bear its own costs.
 
 
 
 *
 We treat Henderson's additional submission dated January 16, 1996 as a motion for leave to supplement his informal brief. That motion is granted