91 F.3d 165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronald I. MENDELSON, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7014.
 United States Court of Appeals, Federal Circuit.
 April 12, 1996.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Ronald I. Mendelson's appeal for lack of jurisdiction. We treat the Secretary's motion as a motion for leave to file an overly long motion. Mendelson has not responded.
 
 
 2
 In 1990, Mendelson filed a request to reopen his claims for entitlement to service connection for migraine headaches and for diabetes mellitus. The Board of Veterans Appeals denied Mendelson's request on the ground that Mendelson had not submitted new and material evidence. The Court of Veterans Appeals affirmed the Board's decision. Mendelson appealed to this court.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In his informal brief, Mendelson contends that the Court of Veterans Appeals erred in its determination that Mendelson had not submitted new evidence. Mendelson also argues that the Court of Veterans Appeals should not have considered the report from his discharge medical examination in 1957. In essence, Mendelson is challenging findings of fact and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion for leave to file an overly long motion is granted.
 
 
 7
 (2) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (3) The Secretary's motion to dismiss is granted.
 
 
 9
 (4) Each side shall bear its own costs.