92 F.3d 1204
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James P. LeSHORE, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7024.
 United States Court of Appeals, Federal Circuit.
 July 1, 1996.
 
 Before ARCHER, Chief Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss James P. LeShore's appeal for lack of jurisdiction. LeShore has not responded.
 
 
 2
 LeShore served with the military from 1965 to 1969. In 1989, LeShore sought service connection for a back condition. In 1990, LeShore sought service connection for Post-Traumatic Stress Disorder (PTSD). The regional office denied service connection for a back condition and granted service connection for PTSD. A ten percent disability rating was awarded for PTSD. LeShore appealed both claims to the Board of Veterans Appeals. The Board remanded for further proceedings. On remand, the regional office granted LeShore a 100 percent disability rating for PTSD and denied service connection for a back condition. LeShore appealed the denial of service connection to the Board. The Board dismissed the claim for service connection as not well grounded. LeShore appealed to the Court of Veterans Appeals. The Court of Veterans Appeals affirmed the Board's conclusion that the claim was not well grounded. LeShore appealed to this court.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In his informal brief, LeShore argues that the Court of Veterans Appeals failed to consider certain facts and that he should have been given the "benefit of the doubt." In essence, LeShore is seeking review of the facts or the application of the law to the facts. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.