106 F.3d 424
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David W. McRAE, II, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7059.
 United States Court of Appeals, Federal Circuit.
 Dec. 16, 1996.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affair moves to waive the requirements of Fed.Cir.R. 27(e), for leave to file an overly long motion, and to dismiss David W. McRae, II's appeal for lack of jurisdiction. The court accepts McRae's untimely opposition.
 
 
 2
 In 1992, the Board of Veterans Appeals reviewed various issues involving McRae's participation in vocational rehabilitation. The Board determined, inter alia, that the regional office acted properly when it refused to provide unrestricted funding for all supplies requested by McRae and placed McRae in interrupted status due to unsatisfactory conduct and cooperation. The Court of Veterans Appeals affirmed the Board's decision, stating that the Board's finding that McRae exhibited unsatisfactory conduct and cooperation was amply supported by the record. The court also determined that McRae's numerous claims involving "constitutional" violations were meritless and bordered on frivolity. McRae appealed to this court.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In his informal brief, McRae argues that the Court of Veterans Appeals did not properly apply various regulations concerning the vocational rehabilitation program. McRae also contends that the regional office and the Court of Veterans Appeals violated the First, Fifth, Sixth, and Thirteenth Amendments through their decisions concerning his interrupted status. However, although McRae frames his argument in constitutional terms, McRae does not raise a genuine constitutional issue. In essence, McRae is challenging findings of fact and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion for leave to file an overly long motion is granted.
 
 
 8
 (3) The Secretary's motion to dismiss is granted.
 
 
 9
 (4) Each side shall bear its own costs.