106 F.3d 427
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David A. BOVEE, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7057.
 United States Court of Appeals, Federal Circuit.
 Jan. 21, 1997.
 
 Before MAYER, PLAGER, and BRYSON, Circuit Judges.
 ON MOTION
 BRYSON, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss David A. Bovee's appeal for lack of jurisdiction. We treat Bovee's opposition as a motion for leave to file an untimely opposition.
 
 
 2
 In 1993, the regional office granted Bovee's request to reopen his claim for service connection for pulmonary tuberculosis and assigned a 100 percent rating effective May 21, 1990, the date on which his request was received. Subsequently, Bovee requested an earlier effective date, as well as entitlement to a temporary total disability evaluation based on periods of hospitalization between January 1988 and May 1990. See 38 C.F.R. § 4.29. The Board of Veterans Appeals determined that an effective date earlier than May 21, 1990 was not warranted because the effective date of an award for a reopened claim is the date of the receipt of the claim or the date entitlement arose, whichever is later. See 38 C.F.R. § 3.400(q)(ii). The Board dismissed Bovee's claim concerning his hospitalization on the ground that service connection was not in effect for any disability during the periods of hospitalization. The Court of Veterans Appeals summarily affirmed the Board's decision, stating that a Board determination of the proper effective date is a finding of fact reviewable under a "clearly erroneous" standard. The court also determined that the Board correctly dismissed Bovee's hospitalization claim as lacking in legal merit. Bovee appealed to this court.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In his informal brief and opposition, Bovee contends that the Court of Veterans Appeals' failure to address his argument concerning the Secretary's duty to assist was a violation of his due process rights. See 38 U.S.C. § 5107(a). We note that the assistance sought by Bovee concerned the structuring of his legal argument before the Board of Veterans Appeals. Although Bovee frames his argument in constitutional terms, Bovee does not raise a genuine constitutional issue. In essence, Bovee is challenging the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Bovee's motion for leave to file an untimely opposition is granted.
 
 
 9
 (4) Each side shall bear its own costs.