ON MOTION
MICHEL, Circuit Judge.
ORDER
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Robert J. Frierson’s appeal for lack of jurisdiction. Frierson responds.
The Court of Appeals for Veterans Claims dismissed Frierson’s appeal of a Board of Veterans’ Appeals decision on the ground that Frierson failed to file a timely notice of appeal. Frierson appealed to this court.
Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. See In re Bailey, 182 F.3d 860 (Fed.Cir.1999).
In his informal brief, Frierson responds “no” to the question whether the Court of Appeals for Veterans Claims’ decision involved the validity or interpretation of a statute or regulation, and also responds “no” to the question whether the Court of Appeals for Veterans Claims decided constitutional issues. Frierson does not address the Court of Appeals for Veterans Claims’ dismissal of his appeal, but instead challenges only the factual determinations made by the Board.
Accordingly, because Frierson does not challenge the validity or interpretation of a specific statute or regulation relating to his claim or a specific constitutional issue relating to his claim, this court’s limited jurisdiction does not permit appellate review *976 of the decision of the Court of Appeals for Veterans Claims. See Livingston v. Der-winski, 959 F.2d 224, 225-26 (Fed.Cir. 1992); 38 U.S.C. § 7292(d).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.