ORDER

MICHEL, Circuit Judge.
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Richard Myszka’s appeal for lack of jurisdiction. Myszka has not responded.
The United States Court of Appeals for Veterans Claims affirmed the decision of the Board of Veterans’ Appeals determining that a 1959 rating decision denying Myszka’s claim for service connection for pruritus ani was not the product of clear and unmistakable error. Myszka appealed to this court.
*571 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal.
In his informal brief, Myszka generally challenges the Court of Appeals for Veterans Claims’ decision. Although he checks “yes” on his informal brief when asked whether the Court of Appeals for Veterans Claims decided constitutional issues or rendered a decision involving the validity or interpretation of a statute or regulation, Myszka fails to identify any such issues. Rather, Myszka alleges that certain medical records are missing, that the Regional Office failed to consider certain existing records, and asks this court “[t]o establish that ... I receive and I am entitled to compensation .... ”
Myszka’s allegations of error relate to factual determinations and the application of law and regulation to the facts. Because Myszka does not challenge the validity or interpretation of any statute or regulation or raise an identifiable constitutional issue, this court’s limited jurisdiction does not permit appellate review of the decision of the Court of Appeals for Veterans Claims. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir. 1992); 38 U.S.C. § 7292(d).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.
(4) The revised official caption is reflected above.