NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7101

ROBERT W. SCROGGINS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Robert W. Scroggins, of Shreveport, Louisiana, pro se.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Amanda R. Blackmon, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Ronald M. Holdaway

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7101

ROBERT W. SCROGGINS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 08-2255, Judge Ronald M. Holdaway.

_____

DECIDED:  January 6, 2010

_____

Before LOURIE, LINN, and MOORE, Circuit Judges.

PER CURIAM.

## DECISION

Robert Scroggins appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") dismissing his appeal based on a lack of final decision from the Board of Veterans' Appeals ("the Board"). Scroggins v. Shinseki, No. 08-2255, 2009 U.S. App. Vet. Claims Lexis 381 (U.S. App. Vet. Cl. Mar. 18, 2009). Because Scroggins' appeal does not raise any issue within our jurisdiction, we dismiss.

BACKGROUND

On July 3, 2008, Scroggins filed a notice of appeal at the Veterans Court seeking review of Board decisions dated June 27, 2008 and June 30, 2008. The Veterans Court had no record of a final Board decision and issued an order to show cause, requiring Scroggins to explain why the court should not dismiss his appeal. In response, Scroggins stated that he was appealing the August 1988 effective date of a total disability rating due to individual unemployability. His statements indicated that his claim had been denied by the regional office of the Department of Veterans' Affairs ("the VA"), but that he had not obtained a decision from the Board. Typically, decisions from the VA regional office must be appealed to the Board within the time frame prescribed by regulation. See 38 C.F.R. § 20.302. Following a final decision from the Board, a veteran may appeal to the Veterans Court. Because the Board had not issued a final decision in this case, the Veterans Court dismissed Scroggins' appeal.

Scroggins timely appealed to this court. Our jurisdiction in appeals from the Veterans Court rests on 38 U.S.C. § 7292.

DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292. Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. Id. § 7292(d)(2).

Scroggins essentially argues that the VA failed to explain its procedures fully or provide him with enough guidance or assistance. However, in addition to the fact that, as the Veterans court held, he has no final decision from the Board from which he can appeal to that court, he raises no challenge in this court to the decision of the Veterans Court based on "the validity of a statute or regulation, or the interpretation of a constitutional or statutory provision or a regulation." Livingston v. Derwinski, 959 F.2d 224, 226 (Fed. Cir. 1992). Thus, we have no authority to consider the appeal. Id. We therefore must dismiss Scroggins' appeal.

## COSTS

No costs.