NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WALTER C. REHM, JR.,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7065

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-3188, Judge Lawrence B. Hagel.

---

Decided: March 2, 2016

---

MATTHEW J. ILACQUA, Chisholm Chisholm & Kilpatrick, Providence, RI, argued for claimant-appellant. Also represented by ZACHARY STOLZ, ROBERT VINCENT CHISHOLM; CHRISTOPHER J. CLAY, Disabled American Veterans, Cold Spring, KY; BARBARA J. COOK, Cincinnati, OH.

MARTIN M. TOMLINSON, Commercial Litigation Branch, Civil Division, United States Department of

Justice, Washington, DC, argued for respondent-appellee. Also represented by ELIZABETH M. HOSFORD, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER; MARTIE ADELMAN, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

────────────────

Before LOURIE, WALLACH, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Walter C. Rehm appeals from the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans Appeals ("Board"), which denied Mr. Rehm entitlement to service-connected benefits for a psychiatric disorder. *Rehm v. McDonald*, No. 13-3188, 2015 WL 78764 (Vet. App. Jan. 7, 2015). Because Mr. Rehm fails to present a question within our jurisdiction, we dismiss.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation relied on by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Unless a constitutional issue is presented, we have no jurisdiction to review questions of fact or the application of a law or regulation to a particular set of facts. *Id.* § 7292(d)(2).

Mr. Rehm first argues that the Veterans Court interpreted the term "adequate medical opinion" and, in doing so, contradicted the requirement in 38 C.F.R. § 4.1 that "accurate and fully descriptive medical examinations are required." In particular, Mr. Rehm asserts that to be adequate, the medical opinions that the Board considered in his case should have discussed lay evidence, such as statements regarding his behavior following an accident he witnessed during his military service.

Mr. Rehm next argues that the Veterans Court misinterpreted 38 U.S.C. § 7104, which requires the Board to provide the reasons or bases for its findings, when it stated that the medical "examiners were not required to discuss all favorable evidence; rather the Board, in relying on an opinion that does not do so, must discuss any additional favorable evidence to comply with its duty to provide an adequate statement of the reasons or bases for its decision." *Rehm*, 2015 WL 78764, at *3. Mr. Rehm asserts that the Board could not fill in gaps in the allegedly inadequate medical opinions by providing its own evaluation of the lay evidence of record.

Although Mr. Rehm attempts to frame these two issues as legal questions, "the mere recitation of a basis for jurisdiction by a party or a court[] is not controlling; we must look to the true nature of the action." *Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992). As we have stated:

> [W]e have been asked on several occasions to exercise our jurisdiction to judge the sufficiency of a medical opinion. In each instance . . . we have dismissed the appeals for want of jurisdiction on the ground that whether a medical opinion is adequate is a question of fact. . . .
>
> In each of these several cases, we correctly determined that the sufficiency of a medical opinion is a matter beyond our jurisdictional reach, because the underlying question is one of fact.

*Prinkey v. Shinseki*, 735 F.3d 1375, 1382 (Fed. Cir. 2013) (collecting cases). We similarly conclude here that Mr. Rehm raises issues regarding only the sufficiency of medical opinions, an issue of fact outside of our jurisdiction.

Accordingly, we dismiss Mr. Rehm's appeal for lack of jurisdiction.

## DISMISSED

### Costs

No costs.